UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRI-CON, INC., et al.,

       Plaintiffs,

v.

VOLVO TRUCKS NORTH AMERICA,
INC.,

       Defendant.
                                          /

File No. 5:05-CV-184

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, statute of limitations, and federal preemption. For the reasons stated below, the motion will be granted in part and transferred to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404.

**I.**

Plaintiffs are seventeen owners of Volvo Class 8 or heavy trucks manufactured from 1995-2002. They have filed suit against Volvo Trucks North America, Inc., on their own behalf and on behalf of a proposed class of those similarly situated, alleging breach of warranty, and breach of contract, and seeking both injunctive relief and damages. They have alleged jurisdiction in this Court on the basis of diversity of citizenship. The named Plaintiffs are residents of various states, but none of the Plaintiffs resides in Michigan and

there is no allegation that any putative class member resides in Michigan. (Compl. ¶¶ 1-15, 37-39).

Defendant Volvo Trucks North America is a division of Volvo Group North America, Inc., a Delaware corporation with its principal place of business located in Greensboro, North Carolina.

Plaintiffs allege that all of the trucks manufactured by Defendant from 1995 to 2002 violate the manufacturer's front axle weight rating, are overweight over the front axle, have a front steer axle weight problem, and as a result are subject to constant front end failures, constant and excessive use of steer tires, and electrical and structural problems. (Compl. ¶ 19).

Defendant has moved to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) on the basis of lack of personal jurisdiction and improper venue. In the alternative, Defendant contends that transfer of venue is appropriate for the convenience of the parties. Defendant also seeks dismissal pursuant to Rule 12(b)(6) because some or all of the putative class members' claims are barred by the applicable statute of limitations. Finally, Defendant contends that Plaintiffs' claim for injunctive relief is preempted under the Motor Vehicle Safety Act, 49 U.S.C. § 30118.

## II.

A district court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with

the Due Process Clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). The plaintiff has the burden of establishing the court's personal jurisdiction over the defendant. *Id.* at 887. If the court does not conduct an evidentiary hearing on the issue of personal jurisdiction, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* The plaintiff can meet this burden by establishing with reasonable particularity sufficient contacts between the defendant and the state to support jurisdiction. *Id.* Under this standard of review the court construes the facts in the light most favorable to the plaintiff and does not consider facts proffered by the defendant that conflict with those offered by the plaintiff. *Id.*

Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). General jurisdiction permits the Court to exercise jurisdiction over a defendant even if the action is unrelated to the defendant's contacts with the state. *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

Michigan law authorizes a court to exercise general personal jurisdiction over a non-resident corporation if the corporation carries on "a continuous and systematic part of its general business within the state." M.C.L. § 600.711(3). In order to meet due process requirements, the corporation must have sufficient "minimum contacts" with the state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Minimum

3

contacts" exist when "the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Due process requires that the Defendant have "purposely availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Plaintiffs contend that Defendant is subject to personal jurisdiction in this Court due to its business operations in this State. Plaintiffs have alleged in their complaint that Defendant sells trucks directly to customers in Michigan, from its own offices and through dealers; Defendant has targeted Michigan as a state where it wants to increase its market share of heavy trucks; Defendant's heavy trucks regularly pass through the State and this district; and Defendant has marketed its trucks in Michigan. (Compl. ¶¶ 17 & 23).

Defendant does not deny Plaintiffs' factual assertions. Defendant has admitted, through the affidavit of its Director of Product Assurance, Heino W. Scharf, that it makes fleet sales to Ryder Trucks of Ft. Lauderdale, Florida, which are shipped to Michigan locations, and that it sells vehicles to five independent Michigan dealerships in Michigan. (Scharf Affidavit ¶¶ 4-5). Defendant has also acknowledged that it maintains a registered agent for service of process in Michigan. (Def. Mot. at 2).

The Court is satisfied that Plaintiffs have made a prima facie showing that Defendant carries on "a continuous and systematic part of its general business within the state," such that the exercise of personal jurisdiction is authorized under Michigan law. M.C.L. § 600.711(3). The Court is also satisfied that Defendant has "purposely availed itself of the privilege of conducting activities" within the State such that the exercise of general personal jurisdiction over it comports with the requirements of the Due Process Clause. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction will be denied.

### III.

Defendant has also moved for dismissal on the basis of improper venue. A federal civil action founded on diversity of citizenship can only be brought in a judicial district where the defendant resides, or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a). A corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). If the State has more than one judicial district

> such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

*Id.*

Michigan has two judicial districts, the Western District and the Eastern District. Defendant's resident agent is located in the Eastern District. (Docket # 2). Of the five Volvo

5

dealerships in Michigan, only two are located in the Western District. (Scharf Aff. ¶ 5). Plaintiffs have not alleged and Defendant has not disclosed the locations in Michigan to which the Volvo trucks sold to Ryder Trucks of Florida are shipped. (Scharf Aff. ¶ 4). Although the Court has found above that Defendant's contacts with the State of Michigan as a whole are sufficient to support the exercise of personal jurisdiction, this Court cannot make a finding, based upon the facts of record, whether Defendant's contacts with the Western District of Michigan would be sufficient to subject it to personal jurisdiction if the Western District were a separate state.[1]

The Court need not, however, determine whether venue is proper. Even if venue is improper the Court may transfer the case pursuant to 28 U.S.C. § 1406(a) if it is in the interests of justice. The Court finds that transfer would be in the interests of justice and would best serve the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration

---

[1] The federal courts are not in agreement as to which party bears the burden of proving that venue is proper or improper. *Cf.* Moore's Federal Practice § 110.01[5][c] (defendant's burden) *with* Wright & Miller, 5B Federal Practice and Procedure § 1352 (plaintiff's burden).

6

of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In ruling on a motion to transfer under § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org.*, 487 U.S. at 30).

> The private interests of the parties include: (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F. Supp. 2d 714, 719-20 (W.D. Mich. 2004) (Quist, J.) (citations omitted).

> Public interest factors include: (i) the enforceability of the judgment; (ii) practical considerations affecting trial management; (iii) docket congestion; (iv) the local interest in deciding local controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law.

*Id.* Defendant, as the moving party, bears the burden of establishing the need for transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir. 1995).

"There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point

7

towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). As noted in *Piper*:

> When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum *non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.

*Id.* at 255-56. *See also Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000) (holding that significance of plaintiff's choice of forum is minimized where plaintiff does not live in forum and none of the events at issue took place in the forum).

In this case there is no allegation that any of the Plaintiffs or putative Plaintiffs reside in this district. There is also no allegation that any of the Plaintiffs purchased their trucks in Michigan, had their trucks serviced in Michigan, obtained warranties in Michigan, or signed contracts in Michigan. During oral argument Plaintiffs explained that they chose the Western District of Michigan in which to bring their case because it was centrally located and because they were able to find local counsel knowledgeable in class actions with whom to enter into a joint venture.

Neither of the factors identified by Plaintiffs give them a personal stake in having their case adjudicated in Michigan. Although co-counsel is from Michigan, this Court has previously held that the convenience and availability of counsel are given little weight in a change of venue motion. *Simmons Ford, Inc. v. Consumers Union of the United States, Inc.*, 490 F. Supp. 106, 107 (W.D. Mich. 1980) (Gibson, J.). *See also* Wright, Miller & Cooper,

15 *Federal Practice & Procedure* § 3850.  Because Plaintiffs have no personal interest in having the case tried in this particular jurisdiction, the Court concludes that they lose any presumption in favor of their choice of forum.

Plaintiffs come from all across the United States, including North Carolina, South Carolina, Maryland, Alabama, Ohio, Nebraska, Florida, Texas, Oregon, Arizona, and Oklahoma.  There is no one forum that is most convenient to all of them.

The convenience to Defendant, on the other hand, weighs strongly in favor of a transfer to the Middle District of North Carolina.  Although Defendant does business in virtually every district in the nation, the Middle District of North Carolina is where Defendant has its principal place of business and where most of its corporate witnesses and records are located.  (Scharf Aff. ¶ 2).  Moreover, at least one of the Plaintiffs resides in North Carolina and three of the Plaintiffs reside in the neighboring state of South Carolina.  (Compl. ¶¶ 10-11).

Because non-party witnesses and physical evidence are likely located throughout the United States, these factors and the availability of process to compel attendance of unwilling witnesses do not favor any one location.  Although the State of Michigan is centrally located on an east/west axis, it is not centrally located on a north/south axis.  Moreover, the Western District of Michigan does not have a hub airport that would make it particularly convenient to fly into.  Accordingly, the convenience of non-party witnesses and the cost of obtaining willing witnesses does not favor this district.

Because this is a private dispute involving Plaintiffs who are not from Michigan and sales made outside of the state, the public's interest in trying local controversies locally does not come into play in Michigan. *See Viron Intern. Corp.* 237 F. Supp. 2d at 819. It would, however, weigh in favor of a transfer to the Middle District of North Carolina where Defendant is headquartered.

Upon consideration of all the relevant factors, the Court concludes that there is no meaningful reason to try this case in the Western District of Michigan. Venue is clearly more proper in the Middle District of North Carolina. The Court will accordingly grant Defendant's motion to transfer this action to the Middle District of North Carolina where it could have been brought. In light of this disposition, the Court will not rule on the remaining issues raised in Defendant's motion to dismiss, but will leave them for resolution by the District Court for the Middle District of North Carolina, where the Court is satisfied the parties will receive a prompt and fair disposition of their dispute.

An order consistent with this opinion will be entered.


Date:     June 23, 2006                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE